IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEREMY C. WOODS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CROSSROADS CORRECTIONAL CENTER, MARTIN FRINK, Warden; JOHN WEAVER, Chief of Unit Management; ELLEN RUSH, Unit Manager; CAMILLE WANDLER, Classification Coordinator; ERIC MERTZ, Shift Supervisor; JOHN WIRSCHING, Shift Supervisor; FNU JOHNSON, Assistant Shift Supervisor; SUSAN KLOOS, Correctional Counselor; BRANDY SHERRARD, Correctional Counselor; JOHN(S) DOE, CCC Staff; and JANE(S) DOE, CCC Staff.<br><br>　　　　　Defendants. | CV 13-0068-GF-DWM-RKS<br><br><br>ORDER PROVIDING OPPORTUNITY FOR ADDITIONAL BRIEFING |

　　　Plaintiff Jeremy Woods filed a Complaint alleging Defendants failed to protect him from an assault by another inmate in violation of the Eighth Amendment. (Complaint, Doc. 2). After review pursuant to 42 U.S.C. §§ 1915(e)(2) and 1915A, the Court required Defendants to respond to the Complaint. (Doc. 19.) On April 2, 2014, Defendants filed a Motion to Dismiss pursuant to

1

Rule 12(b) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. (Doc. 21.) The time to respond to the motion has not yet run.

On April 3, 2014, the Ninth Circuit Court of Appeals issued an en banc decision finding that motions to dismiss for failure to exhaust administrative remedies may not be brought as unenumerated Rule 12(b) motions and must instead be filed as motions for summary judgment. *Albino v. Baca*, No. 10-55702 (9th Cir. April 3, 2014). Defendants' Motion to Dismiss will be construed as a motion for summary judgment. Defendants may have an additional 30 days after entry of this Order to file any additional briefs they believe are warranted by this change, and to provide appropriate notice to the plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). After the 30-day period, the regular briefing schedule set forth in Local Rule 7.1(d)(1) will apply.

The Court specifically invites additional briefing on an issue previously addressed in *Sees the Ground v. Corrections Corporation of America, et al.,* Civil Action No. 11-CV-00044-GF-SEH. In that case, a similar motion to dismiss was filed alleging Mr. Sees the Ground had failed to comply with the grievance procedures at Crossroads Correctional Center. *See Id., Doc. 13*. Warden Frink testified by affidavit that Crossroads Correctional Center followed the grievance

procedure mandated by Montana Department of Corrections Policy 3.3.3. He described a four-step grievance process and then referred to a copy of Montana Department of Corrections Policy 3.3.3 as being attached to his affidavit, but the policy attached to the affidavit and the policy which sets forth the four-step grievance process was Montana State Prison Policy 3.3.3. *See Id., Doc. 22 at 3.* The motion to dismiss was denied based upon this policy discrepancy. *See Id., Doc. 22 adopted in full by Doc. 24*.

Similarly, in this case Warden Frink testified by affidavit that the administrative grievance procedure at Crossroads follows Montana Department of Corrections Policy No. 3.3.3 and he describes a four-step grievance process. (Frink Affidavit, Doc. 23 at 2-4.) Warden Frink indicates that a copy of Department of Corrections Policy 3.3.3 is attached to his affidavit but again the policy attached to the affidavit and the policy which sets forth the four-step grievance process is Montana State Prison Policy 3.3.3. (MSP Policy 3.3.3, Doc. 23-1 at 1-8.)

Defendants are advised to address this apparent discrepancy.

It is **ORDERED**:

1. Defendants are provided 30 days from entry of this Order to supplement the briefing on their dispositive motion, Doc. 21.

2. Defendants must comply with the notice requirements of *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).
3. At all times during the pendency of this action, Mr. Woods shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 8th day of April, 2014.

                                   */s/ Keith Strong*
                                   Keith Strong
                                   United States Magistrate Judge