FILED

NOV 0 4 2014

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JEREMY C. WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSROADS CORRECTIONAL CENTER, et al.,<br><br>Defendants. | CV 13–68–GF–DWM–RKS<br><br><br>ORDER |

Plaintiff Jeremy Woods, appearing pro se, alleges Defendants failed to protect him from an assault by another inmate in violation of the Eighth Amendment. (Complaint, Doc. 6.) Magistrate Judge Keith Strong ordered Defendants to respond to the Complaint. (Doc. 19.) Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b) and 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. (Doc. 21.) After the Ninth Circuit's decision in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), the motion was construed as a motion for summary judgment. (Doc. 26.) Judge Strong entered Findings and Recommendations recommending the motion be

denied. (Doc. 46.) Neither party has filed objections to Judge Strong's Findings and Recommendations.

The court reviews findings and recommendations on nondispositive motions for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object, 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp.*, 656 F.2d at 1313, and where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

The Court finds no clear error with Judge Strong's determination that Woods sufficiently satisfied all exhaustion requirements, and the Findings and Recommendations are adopted in full. As the parties are familiar with the factual and procedural background, it will not be restated here.

I.  **Summary Judgment Standard**

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the non-moving party designates by affidavits, depositions, answers to interrogatories or admissions on file "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255. Filings by pro se litigants are entitled to special deference and are not held to the standards of filings of attorneys. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

II.  **Prison Litigation Reform Act Exhaustion Requirement**

The Prison Litigation Reform Act's exhaustion requirement states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). This means a prisoner must "compl[y] with an agency's deadlines and other critical procedural rules" before bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Exhaustion is mandatory. *Porter*, 534 U.S. at 524.

## III. Exhaustion Procedure at Crossroads Correctional Center

The administrative exhaustion procedure at Crossroads Correctional Center is Montana State Prison Procedure 3.3.3, which covers the four-step grievance process. (Crossroads's SUF, Doc. 36 at ¶ 4.) First, in order to exhaust the grievance process, an inmate must submit an *Inmate/Offender Informal Resolution* form within five working days of the event complained of. (Doc. 36 at ¶ 9; Procedure 3.3.3, Doc. 23-1 at 2.) Second, if the inmate is not satisfied with the informal resolution process, he must then file an *Inmate/Offender Grievance* form within five working days of receipt of the response to his informal resolution attempt. (Doc. 36 at ¶ 10; Doc. 23-1 at 3.) Third, if the inmate is not satisfied with the response to the formal grievance, he must then appeal to the Warden by submitting an *Inmate/Offender Grievance Appeal to Warden/Administrator* form within five working days of receipt of the response to the formal grievance. (Doc. 36 at ¶ 11; Doc. 23-1 at 4.) Finally, if the inmate is not satisfied with the appeal

decision, he must then appeal to the Director of the Montana Department of Corrections by submitting an *Inmate/Offender Grievance Appeal to Corrections Director* form within five working days of receipt of the Warden's appeal decision. (Doc. 36 at ¶ 11; Doc. 23-1 at 6.) The Procedure further provides, "If an inmate fails to receive a timely response from a staff member as set forth in this operational procedure, the inmate may file the appropriate forms to advance to the next level of the grievance program." (Doc. 23-1 at 2.)

## IV. Discussion

Defendants argue Woods failed to properly exhaust his administrative remedies because he did not timely complete the first and final steps of the grievance procedure.

### A. First Informal Resolution Step

There is no clear error with Judge Strong's conclusion that Woods satisfied the first step of the grievance procedure. On August 14, 2012, Woods submitted a *CCA/Crossroads Correctional Center Inmate Letter (Kite)* stating that on August 11, 2012, he had been assaulted and requesting a meeting with staff to discuss the situation. (Doc. 36 at ¶ 15; Letter, Doc. 23-3.) Four staff members met with Woods on August 17, 2012. *(Id.)* But this letter was not part of the grievance procedure. Instead, Woods started the grievance procedure on September 25,

2012, by submitting an *Inmate/Offender Informal Resolution* form pertaining to the August 11, 2012 assault. (Doc. 36 at ¶ 16; Informal Resolution Form, Doc. 23-4.) Woods submitted the form well outside the five working days time limit. However, on October 2, 2012, Defendants responded to Woods's informal resolution form on the merits rather than denying it as untimely. (*Id.*)

Defendants conceded in their opening brief that Woods satisfied the first step and did not argue otherwise until their reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Additionally, there is persuasive authority that a prison's response to an inmate's untimely grievance on the merits satisfies the administrative exhaustion requirement. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010) ("When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we."); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (overlooking the untimeliness of a grievance, over the objection of the defendants, where prison officials reviewed grievance on the merits); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) (same), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000) (overlooking failure to file grievance with the proper

officials, over the objection of the defendants, where officials ultimately reviewed grievance on the merits); *see also Jones v. Stewart*, 457 F. Supp. 2d 1131, 1136 (D. Nev. 2006) (a response on the merits of an untimely grievance serves the underlying purposes of the administrative exhaustion requirement). There is no clear error with Judge Strong's conclusion that Woods exhausted the first step.

### B. Final Appeal to the Corrections Director Step

There is no clear error with Judge Strong's determination that Woods submitted a timely Corrections Director appeal to satisfy the final step of the grievance procedure. On November 7, 2012, Woods submitted an *Inmate/Offender Grievance Appeal to the Warden/Administrator* form. (Doc. 36 at ¶ 18; Warden Appeal Form, Doc. 23-6.) Defendants produced a response to Woods's Warden appeal dated November 19, 2012, but it is not signed by Woods. (*Id.*) Woods maintains he did not receive the response. (Woods SDF, Doc. 39 at ¶ 11.) Woods produced an *Inmate/Offender Grievance Appeal to Corrections Director* form dated December 14, 2012, (Doc. 39 at ¶ 12; Director Appeal Form, Doc. 38-6), but Defendants maintain this appeal was both untimely and never received.

Despite not having received the response to his Warden appeal, Woods had 25 days after the Warden received his appeal form to appeal to the Corrections

Director because the Warden has 20 working days from receipt of the appeal form to provide a written response, (Doc. 23-1 at 4), and inmates have five working days from receipt of the response to appeal to the next level, (Doc. 23-1 at 5). (*See* Doc. 23-1 at 2 ("If an inmate fails to receive a timely response from a staff member as set forth in this operational procedure, the inmate may file the appropriate forms to advance to the next level of the grievance program.").) Woods's Warden appeal was stamped received on November 9, 2012, (Doc. 23-6), and 25 working days from that date was December 14, 2012. There is no clear error with Judge Strong's determination that Woods's Director appeal was timely.

Woods's copy of his Director appeal form is dated December 14, 2012, and has a hand-written notation indicating he handed the form to the Grievance Coordinator, Officer Crandall, that day at 2:45 p.m. (Doc. 38-6; Doc. 39 at ¶ 12.) Woods produced a December 15, 2012, handwritten letter to his children in which he stated he submitted his Director appeal that week. (Doc. 41-2.) Woods also presented testimony that there was turnover in the Grievance Coordinator position during the time period in which he submitted his Director appeal, which could explain a misplaced appeal form. (Woods Aff., Doc. 38-1 at ¶ 22.) On January 24, 2013, Woods wrote to Officer Crandall inquiring about a response to his Director appeal, and on February 27, 2013, Officer Crandall responded explaining

-8-

no Director appeal had been received, (Memo., Doc. 23-7). The court must determine this disputed issue of fact. *Albino*, 747 F.3d at 1170. Given the credible evidence presented by Woods and the lack of rebuttal evidence presented by Defendants, and viewing the evidence in the light most favorable to Woods, there is no clear error with Judge Strong's determination that Woods submitted a Director appeal to Officer Crandall on December 14, 2012.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 46) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Doc. 21), as construed as a motion for summary judgment, is DENIED.

DATED this 4th day of November, 2014.

Donald W. Molloy, District Judge
United States District Court